IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEREMY SHANE COCHRAN,

  Petitioner,

v.    Civil Action No.: RDB-19-3391

WARDEN FRANK BISHOP, JR, and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND,

  Respondents.

## MEMORANDUM OPINION

In response to the above-entitled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Respondents assert that the Petition should be dismissed because the claims raised are procedurally defaulted and lack merit. ECF 7. Petitioner Jeremy Shane Cochran, who proceeds pro se, has filed a Reply addressing the procedural default issue. ECF 8. Petitioner also filed subsequent pleadings, seeking to supplement his habeas petition. ECF 9, 10, 13, 15, 16. After review of the pleadings filed, this Court deems a hearing in this matter unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, Petitioner's request to supplement his Petition shall be denied, the Petition shall be denied, and a certificate of appealability shall not issue.

## BACKGROUND

**I.    First Trial**

In 2012, Cochran was charged in the Circuit Court for Harford County on three counts in connection with the sexual abuse of a minor.[1] ECF 7-1 at 3.[2] His first jury trial was held September 25, 2012 through October 1, 2012. On October 1, 2012, the jury notified the trial judge that they were "deadlocked" and "there [was] no way anyone [was] going to change their mind." ECF 7-2 at 5. The jury was brought into the courtroom and the trial judge read an *Allen* charge, instructing the jury that the vote must be unanimous, and an attempt should be made to reach unanimity without surrendering honest belief for the mere purpose of reaching a verdict. *Id*. at 5-7. After another attempt to deliberate, the jury informed the trial judge that they remained deadlocked and were unable to reach a verdict. *Id.* at 7-8.

The trial judge proceeded to declare a mistrial. *Id.* at 9. The state requested that the trial judge declare "manifest necessity" for the mistrial on the record, but the trial judge never responded to the state's request. *Id.* at 9-11. The defense did not object to the mistrial. *Id*.

## II.     Second Trial

Cochran was tried for a second time by jury on December 10, 2012.[3] On December 17, 2017 the jury found Cochran guilty on all counts. ECF 7-1 at 33. On March 20, 2013 Cochran was sentenced to an aggregate eighty years of incarceration. *Id.* at 30.

## III.    Direct Appeal

Cochran appealed his conviction to the Court of Special Appeals, which issued an opinion on July 2, 2014 affirming his conviction. *Id.* at 136-183. Cochran asserted the following errors: (1)

---

[1]     Sexual abuse of a minor—continuing course of conduct, sexual abuse of a minor, and conspiracy to commit sexual abuse of a minor. ECF 7-1 at 3.

[2]     Page cites conform to pagination assigned by this Court's electronic docketing system and may not reflect the page numbers assigned by the author of the pleading.

[3]     A recitation of the facts and evidence introduced at Cochran's second trial is contained in the Court of Special Appeals' opinion affirming Cochran's conviction. ECF 7-1 at 136-183.

2

the trial court erred in admitting evidence of telephone conversations Cochran placed while in jail; (2) the trial court erred in finding the victim competent to testify; (3) the trial court erred in permitting hearsay testimony concerning the victim's claims of abuse; (4) the trial court erred in limiting cross-examination of the victim; (5) the trial court erred in limiting the testimony of the defense expert; (6) the trial court erred in instructing the jurors they were the judges of the law; (7) the state's closing argument improperly appealed to passion and emotion; and (8) the state's discussion of reasonable doubt during rebuttal constitutes plain error. *Id.* at 137.

IV. **State Post-Conviction Proceedings**

Cochran filed a *pro se* application for post-conviction relief on May 13, 2014, which was supplemented by counsel on September 11, 2014. ECF 7-1 at 10-11; 184-190.[4] Cochran alleged that his trial counsel was ineffective because he failed to object to the mistrial at his first trial, failed to request dismissal of the charges at the second trial based on double jeopardy, and failed to communicate a plea offer. After a hearing on October 13, 2017, the circuit court issued an order denying Cochran's petition. *Id.* at 195-208. The Court of Special Appeals denied Cochran's application for leave to appeal on October 16, 2018. *Id.* at 8. The Court of Appeals subsequently denied certiorari. *Id.* at 7.

V. **Federal Claims**

In his petition filed with this Court, Cochran raises two claims. First, Cochran contests the trial court's decision to grant a mistrial at his first trial, contending there was no "manifest necessity." ECF 1 at 6. Second, Cochran claims that his second trial was a violation of the Double Jeopardy Clause of the Fifth Amendment. *Id.* As noted, Respondents contend these claims are

---

[4] The circuit court's order dismissing Cochran's petition indicates that Cochran withdrew the arguments in his *pro se* petition at the October 13, 2017 hearing (ECF 7-1 at 196, fn. 1).

3

procedurally defaulted and are without merit. ECF 7. After Respondents filed their Answer, Cochran filed additional pleadings seeking to add numerous claims to his petition. ECF 9, 10, 13, 15, 16.

## STANDARD OF REVIEW

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall,* 572 U.S.415, 419-20 (2014), quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;" or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" analysis under 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id*. at 785 (internal quotation marks omitted).

Further under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts. *Id*. "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly*.*" *Renico v. Lett,* 559 U.S 766, 773 (2010).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id*. at 379.

I.     **Procedural Default**

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

As the Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is

actually innocent.[5] *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id*. (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 314 (1995).

## II.     Ineffective Assistance of Counsel

When a petitioner alleges a claim of ineffective assistance of counsel, he must show both that counsel's performance was deficient, and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The second prong requires the Court to consider whether there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A strong presumption of adequacy attaches to counsel's conduct, so strong in fact that a petitioner alleging ineffective assistance of counsel must show that the proceeding was rendered fundamentally unfair by counsel's affirmative omissions or errors. *Id*. at 696.

As the Supreme Court held in *Strickland*, "a state court conclusion that counsel rendered effective assistance of counsel is not a finding of fact binding on the federal court to the extent stated by [former] 28 U.S.C. § 2254(d)[ now § 2254(e)(1)]." *Id*. at 698. Rather, "although state

---

[5]     Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id*.; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006). Cochran has not raised an actual innocence claim.

court findings of fact made in the course of deciding an ineffectiveness claim are subject to the deference requirement of § 2254[(e)(1)], . . . both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Id.* It follows, then, that § 2254(d)(1) applies to the state court's conclusion that the petitioner's trial counsel rendered effective assistance of counsel and this Court may not grant relief on this claim as long as the state court denied the claim based on a reasonable application of the *Strickland* standard to the facts presented in the state court proceeding.

## ANALYSIS

### I. Procedural Default

Respondents contend that Cochran's claims, as stated in his petition, are unexhausted. The Court agrees. Cochran never presented, either on direct appeal or through his application for post-conviction relief, a claim that the trial court erred in granting a mistrial or that his second trial was a violation of the Double Jeopardy Clause. As discussed, *infra*, Cochran's counsel did not object to the mistrial or to Cochran's retrial, and these claims were presented as ineffective assistance of counsel claims in Cochran's application for post-conviction relief.

Cochran's claims, stated as trial court errors in the petition, are procedurally defaulted because he did not fairly present the claims to any state court, and they can no longer be raised. *See Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001); *accord Breard*, 134 F.3d 615 at 619 (stating that a procedural default occurs when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred (citation omitted)).

The Court now considers whether Cochran has established the applicability of any exceptions to the procedural default rule that would allow the claims to proceed. The Court sees

8

none. Cochran's response to the procedural default argument was a blanket denial that his claims were unexhausted. ECF 8. Cochran has offered nothing to establish that a fundamental miscarriage of justice would result if this Court does not reach the merits of the defaulted claims. Nor has Cochran provided any credible evidence demonstrating that he is actually innocent of the offenses of which he had been convicted. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995). The Court therefore finds that Cochran's claims, as stated in the petition, are procedurally defaulted.

## II.     Ineffective Assistance of Counsel

If the Court construes Cochran's petition liberally, his claims also fail. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). The Court will assume Cochran intended to assert the similar ineffective assistance of counsel claims asserted in his post-conviction application: counsel was ineffective because he failed to object to the mistrial and failed to object to the retrial. ECF 7-1 at 184-190. !

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, prohibits states from subjecting a person to trial twice for the same crime. *See Crist v. Bretz*, 437 U.S. 28, 32-36 (1978). "In a jury trial, jeopardy attaches when the jury is empaneled," after which "the defendant has a constitutional right, subject to limited exceptions, to have his case decided by that particular jury." *United States v. Shafer*, 987 F.2d 1054, 1057 (4th Cir. 1993). Those exceptions apply only when the defendant's right is outweighed by "the public's interest in fair trials designed to end in just judgments." *Id.* (citation omitted). Thus, when a defendant objects to a mistrial, he may be retried only if the mistrial was "required by 'manifest necessity.'" *Id.* (quoting *Arizona v. Washington*, 434 U.S. 497, 505 (1978)); *see also Gilliam v. Foster*, 75 F.3d 881, 893 (4th Cir. 1996) (en banc). However, when a defendant seeks

or consents to the grant of a mistrial, there is no bar to his later retrial. *See Gilliam v. Foster*, 75 F.3d 881, 893 (4th Cir. 1996). The trial judge need not make an explicit finding of manifest necessity or articulate the factors that led to the exercise of his discretion. *Arizona v. Washington,* at 516–17. Perhaps the clearest example of a situation in which manifest necessity exists for a mistrial is when a jury is unable to reach a verdict. *Id.* at 509.

The circuit court concluded that Cochran's trial counsel was not deficient for failing to object to the mistrial because a deadlocked jury is the "prototypical" example of manifest necessity. Noting trial counsel's testimony that the state had damaging DNA evidence,[6] the circuit court also concluded that trial counsel made a strategic decision not to object because a mistrial was a favorable outcome for his client. ECF 7-1 at 201-203. Because a deadlocked jury is an example of manifest necessity, the circuit court concluded that Cochran's trial counsel was not ineffective for failing to object to the retrial on the grounds of double jeopardy. ECF 7-1 at 203-204.

The United States Supreme Court has listed a deadlocked jury as the clearest example of manifest necessity. The circuit court's conclusion that Cochran's trial counsel was not ineffective for failing to object to the mistrial and retrial is neither contrary to nor an unreasonable application of federal law. To the extent Cochran's petition can be construed to assert ineffective assistance of counsel claims, the claims lack merit.

### PETITIONER'S SUPPLEMENTAL PLEADINGS

Next, the Court will address Petitioner's "Supplements," filed on March 9, 2020, March 13, 2020, July 2, 2020, February 2, 2021, and July 2, 2021. ECF 9, 10, 13, 15, 16. In these pleadings

---

[6] The Court of Special Appeals stated in its opinion affirming Cochran's conviction that the state collected sperm cells from the minor victim's bed clothes, mattress, and bed frame that matched Cochran. ECF 7-1 at 147-148.

Cochran seeks to add claims asserting prosecutorial misconduct (ECF 9, 13, 15, 16), his consecutive sentence violates the Double Jeopardy Clause (ECF 9), and improper jury instructions (ECF 10, 16). The Supplements also seek to raise a host of ineffective assistance of counsel claims, including: failure to object to jury instructions, failure to object to prosecutorial misconduct, failure to object to the prosecutor telling the jury about the first trial, failure to object to inadequate *Allen* charge, failure to suppress illegally obtained evidence, failure to allow the second trial judge to find the victim competent to testify, failure to object to the trial judge cutting off the direct examination of the victim, failure to investigate the case fully and raise a legitimate defense, failure to object to the trial judge limiting testimony of expert witness, failure to call any of petitioner's witnesses at trial, failure to object to the jury instruction on child abuse, and telling the jury during opening statement that he was not going to contest much of the state's case. ECF 9, 16.

Construing Cochran's Supplements as motions for leave to amend the petition, the motions are denied. By statute, Congress provided that a habeas petition "may be amended ... as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Because more than twenty-one days passed since Respondents were served with the petition, per Rule 15, Cochran is not permitted to amend his petition as a matter of course. He may only amend with consent of Respondents or by leave of court. There is no indication that Cochran received consent to amend his petition from Respondents. Upon review of the potential success of the claims sought to be asserted, leave will be denied based on futility. *See U.S. ex rel Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008) (A district court may deny leave if amending the complaint would be futile).

On direct appeal, the Court of Special Appeals determined that Cochran waived any objection to the jury instruction that the jury was the "judge of the law," which is contrary to

11

Maryland law. The Court of Special Appeals also determined that the claim had no merit because the jury had been properly instructed on the state's burden of proving guilt beyond a reasonable doubt. ECF 7-1 at 176-180. The Court of Special Appeals also determined that there was no merit to Cochran's claim that he was denied a fair trial because the prosecutor made improper remarks during closing arguments. Again, the Court of Special Appeals determined the claim was waived, but also found that the prosecutor's comments were not an appeal to emotion, prejudice, or passion. *Id.* at 180-182. The Court of Special Appeals' conclusions on these claims were neither contrary to nor an unreasonable application of federal law.[7]

The remainder of the claims in Cochran's Supplements have not been presented to the state courts on direct appeal or post-conviction review and are therefore unexhausted. Because the Court has determined that the claims sought to be added are without merit or unexhausted, justice does not require that leave be granted. Cochran's request for leave to amend the petition is denied.

!
## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S.Ct. 759, 773 (2017). The petitioner "must demonstrate that reasonable jurists would find the

---

[7] The fact that a jury instruction is an incorrect under state law is not a basis for habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). The standard of review of a due process claim stemming from a state court's instruction requires that there be a reasonable likelihood that the jury applied the challenged instruction in an improper manner and that the instruction, considered in the context of other instructions and of the trial as a whole, infected the entire trial. *Id*. at 72-73.

This Court must defer to the Court of Special Appeals' conclusion that the prosecutor's remarks were not improper. *See Harrington*, 562 U.S. at 101 (A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision").

district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied.  *See* 28 U.S.C. § 2253(c)(2). Cochran may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

      A separate Order follows.

\_7/1/2022_____                        _____/s/_____
Date                                                    RICHARD D. BENNETT
                                                          UNITED STATES DISTRICT JUDGE